**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CHAPTER 7 |
| Chan Suk Kim, | ) | |
| | ) | CASE NO. 21-52662-LRC |
| Debtor. | ) | |
| ------------------------------- | | |
| | ) | |
| Priority Payment Systems, LLC, | ) | |
| | ) | ADVERSARY PROCEEDING |
| Plaintiff, | ) | CASE NO. 21-05112-LRC |
| | ) | |
| v. | ) | |
| | ) | |
| Chan Suk Kim, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S ANSWER AND DEFENSES TO DEFENDANT'S COUNTERCLAIMS**

**COMES NOW** Plaintiff Priority Payment Systems, LLC ("PPS" or "Plaintiff") and files this, its Answer and Defenses to Defendant's Counterclaims, showing the Court as follows:

**FIRST DEFENSE**

Defendant's Counterclaims fail to state a claim against this Plaintiff upon which relief can be granted.

**SECOND DEFENSE**

Defendant's Counterclaims should be dismissed, as there are insufficient facts to support the required elements of such claims.

**THIRD DEFENSE**

Defendant's Counterclaims are barred due to the vague and ambiguous nature of claims set forth in Defendant's Counterclaims.

**FOURTH DEFENSE**

Defendant's Counterclaims are barred due to Defendant's unclean hands.

**FIFTH DEFENSE**

Defendant's Counterclaims are barred by the doctrine of estoppel.

**SIXTH DEFENSE**

Defendant's Counterclaims are barred by Defendant's fraud.

**SEVENTH DEFENSE**

Plaintiff reserves the right to amend and/or supplement this Answer to add additional affirmative and other defenses that may become necessary or known though discovery.

**EIGHTH DEFENSE**

Plaintiff denies all allegations in Defendant's Counterclaims that it does not expressly admit.

**NINTH DEFENSE**

Plaintiff answers the specific allegations contained in Defendant's Counterclaims as follows:

1.

PPS admits that Defendant is an individual.  PPS is without knowledge or information sufficient to form a belief as to the truth or validity of the allegations in paragraph 1 of Defendant's Counterclaims.

2.

PPS admits the allegation in paragraph 2 of Defendant's Counterclaims.

3.

PPS admits the allegation in paragraph 3 of Defendant's Counterclaims.

4.

PPS admits the allegation in paragraph 4 of Defendant's Counterclaims.

5.

PPS admits the allegation in paragraph 5 of Defendant's Counterclaims.

6.

PPS admits the allegations in the first sentence of paragraph 6 of Defendant's Counterclaims. PPS denies the remaining allegations in paragraph 6 of Defendant's Counterclaims to the extent that they mischaracterize, misconstrue, or contradict the specific terms of the Processing Agreement as amended, which speak for themselves. PPS respectfully refers the Court to those documents for their actual content.

7.

PPS admits the allegation in the first sentence of paragraph 7 of Defendant's Counterclaims. PPS admits that it approved a number of draws to Defendant and executed a Promissory Note for each draw. PPS denies the remaining allegations in paragraph 7 of Defendant's Counterclaims to the extent that they mischaracterize, misconstrue, or contradict the specific terms of the Loan Agreement or Promissory Notes as amended, which speak for themselves. PPS respectfully refers the Court to those documents for their actual content.

8.

PPS admits that it entered into two RPAs with Defendant. PPS denies the remaining allegations in paragraph 8 of Defendant's Counterclaims to the extent that they

mischaracterize, misconstrue, or contradict the specific terms of the RPAs, which speak for themselves.  PPS respectfully refers the Court to those documents for their actual content.

9.

PPS admits that it sent Defendant a Notification of Breach and Demand for Remedy on August 1, 2020.  PPS denies the remaining allegations in paragraph 9 of Defendant's Counterclaims to the extent that they mischaracterize, misconstrue, or contradict the specific terms of that Notification and Demand, which speak for themselves.  PPS respectfully refers the Court to that document for its actual content.

10.

PPS denies the allegation in paragraph 10 of Defendant's Counterclaims.

11.

PPS admits that it credited amounts from the Residuals owned by Defendant and the purchase amounts paid pursuant to the RPAs toward Defendant's loan balance.  Those amounts have already been accounted for in calculating the outstanding balance owed by Defendant to PPS.  PPS denies the remaining allegations in paragraph 11 of Defendant's Counterclaims.

12.

PPS denies the allegation in paragraph 12 of Defendant's Counterclaims.

13.

PPS denies the allegation in paragraph 13 of Defendant's Counterclaims.

14.

PPS denies the allegation in paragraph 14 of Defendant's Counterclaims.

15.

Paragraph 15 does not require a response. To the extent that any response is deemed required, PPS denies the allegations in paragraph 15 of Defendant's Counterclaims.

16.

PPS denies the allegations in paragraph 16 of Defendant's Counterclaims to the extent that they mischaracterize, misconstrue, or contradict the specific terms of the Processing Agreement as amended, which speak for themselves.  PPS respectfully refers the Court to those documents for their actual content.

17.

PPS denies the allegation in paragraph 17 of Defendant's Counterclaims.

18.

PPS denies the allegation in paragraph 18 of Defendant's Counterclaims.

19.

PPS denies the allegation in paragraph 19 of Defendant's Counterclaims.

20.

PPS denies the allegation in paragraph 20 of Defendant's Counterclaims.

21.

PPS denies the allegation in paragraph 21 of Defendant's Counterclaims.

22.

Paragraph 22 does not require a response. To the extent that any response is deemed required, PPS denies the allegations in paragraph 22 of Defendant's Counterclaims.

23.

PPS denies the allegations in paragraph 23 of Defendant's Counterclaims.

24.

PPS denies the allegations in paragraph 24 of Defendant's Counterclaims.

25.

PPS denies the allegations in paragraph 25 of Defendant's Counterclaims.

26.

Paragraph 26 does not require a response. To the extent that any response is deemed required, PPS denies the allegations in paragraph 26 of Defendant's Counterclaims.

27.

PPS denies the allegation in paragraph 27 of Defendant's Counterclaims and denies that Defendant is entitled to any of the relief sought in the "WHEREFORE" clause following paragraph 27 of Defendant's Counterclaims.

**WHEREFORE**, having set forth its Answer and Defenses to Defendant's Counterclaims, Plaintiff respectfully requests that the Court:

(1) Dismiss Defendant's Counterclaims in their entirety, with prejudice and with costs in Plaintiff's favor;

(2) Deny Defendant's baseless demands for relief;

(3) Enter judgment in favor of Plaintiff; and

(4) Award Plaintiff such other and further relief as the Court deems just and proper.

This the 15th day of April, 2022.

Respectfully submitted,
BLEVINS & HONG, P.C.


_____/s/_____
Soo J. Hong
Georgia Bar No. 129608

Blevins & Hong, P.C.
191 Roswell Street
Marietta, GA  30060
P: (678) 354-2290
F: (678) 981-8413

**CERTIFICATE OF SERVICE**

This is to certify that on this day, I served the following parties with a copy of Plaintiff's Answer and Defenses to Defendant's Counterclaims by placing true and correct copies of the same in the U.S. Mail with adequate postage affixed to insure delivery, and/or otherwise indicated, addressed to:

Chan Suk Kim
6257 Clapham Lane
Johns Creek, Georgia 30097

William A. Rountree (via electronic service and email)
Rountree Leitman & Klein, LLC
Century Plaza I, Suite 350
2987 Clairmont Road
Atlanta, GA 30329

This the 15th day of April, 2022.

_/s/_____
Soo J. Hong
GA Bar No. 129608
Attorney for Plaintiff

Blevins & Hong, P.C.
191 Roswell Street
Marietta, GA 30060
678-354-2290
shong@cobbcountylaw.com