**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | ) |
| | ) |
| CHAN SUK KIM, | ) CHAPTER 7 |
| | ) CASE NO. 21-52662-LRC |
|     Debtor. | ) |
| | |
| | ) |
| PRIORITY PAYMENT SYSTEMS, LLC, | ) |
| | ) |
|     Plaintiff, | ) ADVERSARY PROCEEDING |
| v. | ) CASE NO. 21-05112-LRC |
| | ) |
| CHAN SUK KIM, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

## NOTICE OF INTENT TO SERVE SUBPOENAS ON NON-PARTIES

Notice is hereby given according to Fed. R. Bankr. P. 9016 and Fed. R. Civ. P. 45(a)(4) that Priority Payment Systems, LLC, Plaintiff in the above-styled adversary proceeding, intends to serve subpoenas on each of the following entities, commanding each one of them to produce certain documents identified in the respective subpoena:

       Card Connect Corp. aka CardConnect
       1000 Continental Drive, Suite 300
       King of Prussia, Pennsylvania 19406

       Bank of America Corporation
       c/o C T Corporation System, Registered Agent
       289 S Culver St
       Lawrenceville, Georgia, 30046

Metro City Bank
5114 Buford Highway
c/o Abdul Mohdnor, Registered Agent
Doraville, Georgia 30340

True and correct copies of the subpoenas are attached hereto and made a part hereof as Exhibit 1.

This ___ day of August, 2022.

_____

/s/ Soo J. Hong
_____
Soo J. Hong
Georgia Bar No. 129608

Blevins & Hong, PC
191 Roswell Street
Marietta, Georgia 30060
Telephone: (678) 354-2290
Facsimile: (678) 981-8413
Email: shong@cobbcountylaw.com

*Attorney for Plaintiff*
*Priority Payment Systems, LLC*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ( | |
| | ( | |
| CHAN SUK KIM, | ( | CHAPTER 7 |
| | ( | CASE NO. 21-52662-LRC |
| Debtor. | ( | |
| | ( | |
| PRIORITY PAYMENT SYSTEMS, LLC, | ( | |
| | ( | |
| Plaintiff, | ( | ADVERSARY PROCEEDING |
| v. | ( | CASE NO. 21-05112-LRC |
| | ( | |
| CHAN SUK KIM, | ( | |
| | ( | |
| Defendant. | ( | |
| | ( | |

**CERTIFICATE OF SERVICE**

I certify that I served a copy of the foregoing **NOTICE OF INTENT TO
SERVE SUBPOENAS ON NON-PARTIES** upon the following by filing a copy of
the same with the Clerk of the Court using the Bankruptcy Court's Electronic
Case Filing program, which will automatically send email notifications of such
filing to the following attorneys of record as follows:

David Klein, Esq.
Caitlyn Powers, Esq.
William A. Rountree, Esq.
ROUNTREE LEITMAN & KLEIN, LLC
Century Plaza I, Suite 350
2987 Claremont Road
Atlanta, Georgia 30329
dklein@rlklawfirm.com
cpowers@rlklawfirm.com
wrountree@rlklawfirm.com

Greg Michell
STANLEY, ESREY & BUCKLEY, LLP
Promenade, Suite 2400
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309
gmichell@seblaw.com

This ___ day of August, 2022.

/s/ Soo J. Hong
Soo J. Hong
Georgia Bar No. 129608

# EXHIBIT 1

**Subpoenas**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Northern _____ District of Georgia _____

In re Chan Suk Kim _____
                    Debtor

*(Complete if issued in an adversary proceeding)*

Priority Payment Systems, LLC _____
                    Plaintiff

                    v.

Chan Suk Kim _____
                    Defendant

Case No. 21-52662-LRC

Chapter 7

Adv. Proc. No. 21-05112-LRC

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Bank of America Corporation _____

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See EXHIBIT A attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Blevins & Hong, PC - 191 Roswell Street, Marietta, Georgia 30060 | Sept. July 8, 2022 at 10:00a.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____              _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Priority Payment Systems, LLC _____, who issues or requests this subpoena, are:
Soo J. Hong, Esq. - Blevins & Hong, PC - 191 Roswell Street, Marietta, Georgia 30060

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____ _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

          I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                            _____
                                                                        *Server's signature*

                                                            _____
                                                                        *Printed name and title*

                                                            _____
                                                                        *Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## **EXHIBIT A**

For account number xxxxxxxx3577 and for each and every opened or closed account that was or is maintained in the name of PPS Business Solutions LLC with Bank of America Corporation or any predecessor ("Bank") at any time between January 2018 and the present, please produce true and correct copies of the following documents:

1.  All monthly account statements for such account(s).

2.  All documents used and produced to Bank to open such account(s), including all opening account forms, corporate resolutions, and signatures cards.

3.  All documents used and produced to Bank to close such account(s) and copies of all signature cards, as well as any documents showing any changes to the signature card at any time and all other documents that show or relate to any persons authorized to deposit or withdraw funds from each identified account.

4.  All documents created by Bank as a result of the opening and/or closing of any such account(s).

5.  All communications, including electronic mail communications, concerning the opening or closing of any such account(s).

6.  All communications, including electronic mail communications, concerning any transfer or other payment into or out of such account(s).

7.  All communications, including electronic mail communications, concerning any of the Plaintiffs or Defendants.

8.  All documents concerning any transfer or other payment into or out of such account(s).

9.  To the extent not already produced, all correspondence, memos, notes, applications, deposits, withdrawals, statements, checks (front and

back), counter checks, wires, and statements concerning such account(s).

10. All loan documents, including promissory notes, line of credit notes, notes, installment notes, loan agreements, security agreements, deeds to secure debt, guaranties, guaranty agreements, assignments, assignments of leases and rents, financing statements, automatic transfer authorizations, credit agreements, and modification agreements.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Northern _____ District of  Georgia _____

In re  Chan Suk Kim
_____
                    Debtor

*(Complete if issued in an adversary proceeding)*

Case No.  21-52662-LRC _____

Priority Payment Systems, LLC
_____
                    Plaintiff

Chapter  7 _____

                    v.

Chan Suk Kim
_____
                    Defendant

Adv. Proc. No.  21-05112-LRC _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Bank of America Corporation
_____
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See EXHIBIT A attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Blevins & Hong, PC - 191 Roswell Street, Marietta, Georgia 30060 | July 8, 2022 at 10:00a.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

                    CLERK OF COURT

                                    OR

        _____          _____
        *Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Priority Payment Systems, LLC _____ , who issues or requests this subpoena, are:
Soo J. Hong, Esq. - Blevins & Hong, PC - 191 Roswell Street, Marietta, Georgia 30060

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ . ___ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

       I declare under penalty of perjury that this information is true and correct.

Date: _____

_____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

For account number xxxxxxxx6909 and for each and every opened or closed account that was or is maintained in the name of Solim LLC with Bank of America Corporation or any predecessor ("Bank") at any time between January 2018 and the present, please produce true and correct copies of the following documents:

1.    All monthly account statements for such account(s).

2.    All documents used and produced to Bank to open such account(s), including all opening account forms, corporate resolutions, and signatures cards.

3.    All documents used and produced to Bank to close such account(s) and copies of all signature cards, as well as any documents showing any changes to the signature card at any time and all other documents that show or relate to any persons authorized to deposit or withdraw funds from each identified account.

4.    All documents created by Bank as a result of the opening and/or closing of any such account(s).

5.    All communications, including electronic mail communications, concerning the opening or closing of any such account(s).

6.    All communications, including electronic mail communications, concerning any transfer or other payment into or out of such account(s).

7.    All communications, including electronic mail communications, concerning any of the Plaintiffs or Defendants.

8.    All documents concerning any transfer or other payment into or out of such account(s).

9.    To the extent not already produced, all correspondence, memos, notes, applications, deposits, withdrawals, statements, checks (front and

back), counter checks, wires, and statements concerning such account(s).

10. All loan documents, including promissory notes, line of credit notes, notes, installment notes, loan agreements, security agreements, deeds to secure debt, guaranties, guaranty agreements, assignments, assignments of leases and rents, financing statements, automatic transfer authorizations, credit agreements, and modification agreements.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Northern _____ District of Georgia _____

In re Chan Suk Kim _____
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Priority Payment Systems, LLC _____
Plaintiff
v.
Chan Suk Kim _____
Defendant

Case No. 21-52662-LRC _____

Chapter 7 _____

Adv. Proc. No. 21-05112-LRC _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Card Connect Corp. aka Card Connect _____

*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See EXHIBIT A attached hereto.

| PLACE Blevins & Hong, PC - 191 Roswell Street, Marietta, Georgia 30060 | DATE AND TIME July 8, 2022 at 10:00a.m. |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Priority Payment Systems, LLC _____ , who issues or requests this subpoena, are:

Soo J. Hong, Esq. - Blevins & Hong, PC - 191 Roswell Street, Marietta, Georgia 30060

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
  …

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

### I.    Definition of Terms

1. "You," "your" or "Card Connect" means Card Connect Corp., and includes any and all attorneys, agents, representatives, persons or entities acting or purporting to act on behalf of First American.

2. "Plaintiff" or "Priority" means Priority Payment Systems, LLC, and includes any and all attorneys, agents, representatives, persons or entities acting or purporting to act on behalf of Priority.

3. "Kim" means Debtor-Defendant Chan Kim, and includes any and all attorneys, agents, representatives, persons or entities acting or purporting to act on his behalf.

4. "Communication" or "communications" shall include all written and oral communications, including, but not limited to, meetings, conversations, conferences, discussion, negotiations, agreements, arrangements, contracts, understandings, correspondence, memoranda, messages, telegrams, telefax, mailgrams, electronic mail, xerographic or computer transmissions and all oral or written expressions or other occurrences in which thoughts, opinions or data are transmitted between two or more persons.

5. "Document" or "documents" wherever used herein shall mean all written, typed, printed, recorded, photographic or graphic matter of every type and

description, including, but not limited to, letters, handwritten notes, correspondence, emails, invoices, telegrams, memoranda, records, minutes of all types of meetings, contracts, subcontracts, agreements, guarantees, intra- and inter-office communications, audited or unaudited financial statements, profits and loss statements, audit reports, projections, account summaries, daily collateral reports, analyses, results of investigations, reviews, bulletins, proposals, estimates, appraisals, recommendations, critiques, trip reports, financial calculations, cancelled checks, deposit slips, notices, diaries, deeds, books, periodicals, desk calendars, appointment books, messages, instructions, work assignments, notes, notebooks, drafts, data sheets, statistical records, telephone records, tapes, tape recordings, partial or complete reports of telephone conversations, public statements, newspaper or other media releases, microfilm, microfiche, computer printouts, computer tapes, public and governmental filings, opinions, and any other writings or recordings, whether stored on paper, audio-tape, videotape, electronic or computer medium.

6.  "Merchant" means any seller of goods, services, or both, that Kim Solim, LLC and/or PPS Business Solutions LLC, and/or anyone else acting on behalf of Kim, Solim, LLC and/or PPS Business Solutions LLC, sent to, signed up for, or referred to Card Connect.

-2-

7. "Merchant Services" means credit card, debit card or other financial transaction device processing services offered to a merchant pursuant to a merchant agreement.

8. "Processing Business" means customer credit card and debit card payment processing business.

9. "Processing Services" means credit card and debit card payment processing services.

## II.    Documents Requested

Please produce the following Documents:

1.    All contracts or other written agreement(s) between You and Kim, Solim, LLC and/or PPS Business Solutions LLC, or anyone acting on their behalf, including but not limited to Gabe Lee, Kwang "Kevin" Lim, Susan Park, Jaden Jeong, Chris Suh, Alex You, Alex Yoo, Quang Lim, Kibo Park, Tae Hwang, and/or Jaehong Kim, at any time between January 2018 and the present. This request includes, but is not limited to, any and all drafts or versions of any document produced.

2.    All documents related to any agreement(s) between You and Kim, Solim, LLC and/or PPS Business Solutions LLC, or anyone acting on their behalf, at any time between January 2018 and the present.

3.    All communications between You and Kim, Solim, LLC and/or PPS Business Solutions LLC, or anyone acting on their behalf, at any time between January 2018 and the present.

4.    All agreements between You and any Merchant that Kim, Solim LLC and/or PPS Business Solutions LLC, or anyone on their behalf, including but not limited to the individuals listed in Request No. 1, above, contacted, boarded, or otherwise caused to obtain Processing

-3-

Business or Processing Services through or from You, at any time between January 2018 and the present.

5. All documents listing the Merchants that Kim, Solim LLC and/or PPS Business Solutions LLC, or anyone on their behalf, including but not limited to the individuals listed in Request No. 1, contacted, boarded, or otherwise caused to obtain Processing Business or Processing Services through or from You, at any time between January 2018 and the present.

6. All communications between you and any Merchant that Kim, Solim LLC and/or PPS Business Solutions LLC, or anyone on their behalf, including but not limited to the individuals listed in Request No. 1, contacted, boarded, or otherwise caused to obtain Processing Business or Processing Services through or from You, at any time between January 2018 and the present, concerning the circumstances or terms under which the Merchant was changing the company from whom they previously received their Processing Services.

7. All documents (for example, merchant statements, invoices, residual reports, commission statements, etc.) evidencing, referencing or relating to the revenue that Kim, Solim LLC and/or PPS Business Solutions LLC, or anyone on their behalf, including but not limited to the individuals listed in Request No. 1, has received from You in connection with the Merchants that they have contacted, boarded, or otherwise caused to obtain Processing Business or Processing Services through or from You between January 2018 and the present. This request includes, but is not limited to, all portfolio summary reports, commission reports, or detail reports.

8. All documents (for example, merchant statements, invoices, residual reports, commission statements, etc.) evidencing, referencing or relating to the revenue that You have received in connection with the Merchants that Kim, Solim LLC and/or PPS Business Solutions LLC, or anyone on their behalf, including but not limited to the individuals listed in Request No. 1, have contacted, boarded, or otherwise caused to obtain Processing Business or Processing Services through or from You between January 2018 and the present. This request includes, but

-4-

is not limited to, all portfolio summary reports, commission reports, or detail reports.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Northern _____ District of  Georgia _____

In re  Chan Suk Kim
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Priority Payment Systems, LLC
_____
Plaintiff

v.

Chan Suk Kim
_____
Defendant

Case No.  21-52662-LRC

Chapter  7

Adv. Proc. No.  21-05112-LRC

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Metro City Bank
_____
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See EXHIBIT A attached hereto.

| PLACE Blevins & Hong, PC - 191 Roswell Street, Marietta, Georgia 30060 | DATE AND TIME Sept July 8, 2022 at 10:00a.m. |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Priority Payment Systems, LLC _____ , who issues or requests this subpoena, are:
Soo J. Hong, Esq. - Blevins & Hong, PC - 191 Roswell Street, Marietta, Georgia 30060

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

For account number xxxx700 and for each and every opened or closed account that was or is maintained in the name of Hee Jong Kim with Metro City Bank or any predecessor ("Bank") at any time between January 2018 and the present, please produce true and correct copies of the following documents:

1. All monthly account statements for such account(s).

2. All documents used and produced to Bank to open such account(s), including all opening account forms, corporate resolutions, and signatures cards.

3. All documents used and produced to Bank to close such account(s) and copies of all signature cards, as well as any documents showing any changes to the signature card at any time and all other documents that show or relate to any persons authorized to deposit or withdraw funds from each identified account.

4. All documents created by Bank as a result of the opening and/or closing of any such account(s).

5. All communications, including electronic mail communications, concerning the opening or closing of any such account(s).

6. All communications, including electronic mail communications, concerning any transfer or other payment into or out of such account(s).

7. All communications, including electronic mail communications, concerning any of the Plaintiffs or Defendants.

8. All documents concerning any transfer or other payment into or out of such account(s).

9. To the extent not already produced, all correspondence, memos, notes, applications, deposits, withdrawals, statements, checks (front and

back), counter checks, wires, and statements concerning such account(s).

10. All loan documents, including promissory notes, line of credit notes, notes, installment notes, loan agreements, security agreements, deeds to secure debt, guaranties, guaranty agreements, assignments, assignments of leases and rents, financing statements, automatic transfer authorizations, credit agreements, and modification agreements.