# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| CHAN SUK KIM, | ) CHAPTER 7 |
| | ) CASE NO. 21-52662-LRC |
| Debtor. | ) |
| | ) |
| | ) |
| PRIORITY PAYMENT SYSTEMS, LLC, | ) |
| | ) |
| Plaintiff, | ) ADVERSARY PROCEEDING |
| v. | ) CASE NO. 21-05112-LRC |
| | ) |
| CHAN SUK KIM, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY

Notice is hereby given according to Fed. R. Bankr. P. 9016 and Fed. R. Civ. P. 45(a)(4) that Priority Payment Systems, LLC, Plaintiff in the above-styled adversary proceeding, intends to serve a subpoena on the following entity, commanding it to produce certain documents identified in the subpoena:

> Google LLC
> c/o Corporation Service Company, Registered Agent
> 2 Sun Court, Suite 400
> Peachtree Corners, Georgia 30092

A true and correct copy of the subpoena is attached hereto and made a part hereof as **Exhibit 1**.

This 24th day of May, 2023.

/s/ Greg Michell
Greg Michell
Georgia Bar No. 504053
Garrett E. Land
Georgia Bar No. 880750

**STANLEY, ESREY & BUCKLEY, LLP**
Promenade, Suite 2400
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 835-6200
Facsimile: (404) 835-6221
Email: gmichell@seblaw.com
      gland@seblaw.com

/s/ Frank N. White
Frank N. White
Georgia Bar No. 753377

**ARNALL GOLDEN GREGORY LLP**
171 17th Street NW, Suite 2100
Atlanta, Georgia 30363-1031
Telephone: (404) 873-8744
Facsimile: (404) 873-8745
Email: frank.white@agg.com

/s/ Soo J. Hong
Soo J. Hong
Georgia Bar No. 129608

**BLEVINS & HONG, PC**
191 Roswell Street
Marietta, Georgia 30060
Telephone: (678) 354-2290
Facsimile: (678) 981-8413
Email: shong@cobbcountylaw.com

*Attorneys for Plaintiff*
*Priority Payment Systems, LLC*

# EXHIBIT 1

**Subpoena**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Northern _____ District of Georgia _____

In re Chan Suk Kim _____
Debtor

Case No. 21-52662-LRC

*(Complete if issued in an adversary proceeding)*

Priority Payment Systems, LLC _____
Plaintiff

Chapter 7

v.

Chan Suk Kim _____
Defendant

Adv. Proc. No. 21-05112-LRC

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: Google LLC _____

*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See EXHIBIT A attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Stanley, Esrey & Buckley, LLP - 1230 Peachtree St, Suite 2400, Atlanta, Georgia 30309 | June 9, 2023 at 10:00a.m. |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Priority Payment Systems, LLC _____ , who issues or requests this subpoena, are:
Greg Michell, Esq. - Stanley, Esrey & Buckley, LLP - 1230 Peachtree St, Suite 2400, Atlanta, Georgia 30309

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 21-05112-lrc    Doc 53    Filed 05/24/23    Entered 05/24/23 09:14:02    Desc Main
Document    Page 5 of 12

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

Case 21-05112-lrc    Doc 53    Filed 05/24/23    Entered 05/24/23 09:14:02    Desc Main
Document      Page 6 of 12

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

### Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## **EXHIBIT A**

**I.  Definitions**

    1.    "You," "Your," or "Google" means Google LLC and includes any and all attorneys, agents, representatives, persons, or entities acting or purporting to act on behalf of Google LLC as well as all affiliates, corporate siblings, subsidiaries, parent companies, and holding companies.

    2.    "Plaintiff" or "Priority" means Priority Payment Systems LLC and includes any and all attorneys, agents, representatives, persons or entities acting or purporting to act on behalf of Priority.

    3.    "Defendant," "Debtor," or "Kim" means Defendant/Debtor Chan Suk Kim and includes any and all attorneys, agents, representatives, persons or entities acting or purporting to act on behalf of Chan Suk Kim.

    4.    "Communication" or "Communications" shall include all written and oral communications, including, but not limited to, meetings, conversations, conferences, discussion, negotiations, agreements, arrangements, contracts, understandings, correspondence, memoranda, messages, telegrams, telefax, mailgrams, electronic mail, xerographic or computer transmissions and all oral or written expressions or other occurrences in which thoughts, opinions or data are transmitted between two or more persons.

    5.    "Document" or "Documents" wherever used herein shall have the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure and shall include all originals of any nature whatsoever and all non-identical copies thereof, whether different from the originals by reason of any notation made on

-1-

such copies or otherwise, including but not limited to all written, typed, printed, recorded, photographic or graphic matter of every type and description, including, but not limited to, letters, handwritten notes, correspondence, invoices, telegrams, memoranda, records, manuals, meeting minutes, contracts, subcontracts, agreements, guarantees, intra- and inter-office communications, audited or unaudited financial statements, profits and loss statements, audit reports, projections, account summaries, daily collateral reports, analyses, results of investigations, reviews, bulletins, proposals, estimates, appraisals, recommendations, critiques, trip reports, financial calculations, cancelled checks, deposit slips, notices, diaries, deeds, books, periodicals, desk calendars, appointment books, messages, instructions, work assignments, notes, notebooks, drafts, data sheets, statistical records, telephone records, tapes, tape recordings, partial or complete reports of telephone conversations, public statements, newspaper or other media releases, microfilm, microfiche, computer printouts, computer tapes, public and governmental filings, opinions, drawings, graphs, charts, photographs, emails, electronic data, and any other writings or recordings, whether stored on paper, audio-tape, videotape, electronic or computer medium (including any exchange of information between computers, all information stored in an electronic form or computer database, and all forms and formats of storage).

## II.    Instructions

1.    These requests are governed by Rules 26 and 45 of the Federal Rules of Civil Procedure and any applicable law and Local Rule.

2. You are requested to produce all Documents and things described below to Greg Michell, Esq., by mail to: Stanley, Esrey & Buckley, LLP, Promenade, Suite 2400, 1230 Peachtree Street, N.E., Atlanta, Georgia 30309, or by email to gmichell@seblaw.com, on or before **June 9, 2023**.

3. You are under a legal duty to seasonably amend a prior response if You obtain information upon the basis of which (a) You know that the response was incorrect when made, or (b) You know that the response, though correct when made, is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

4. A request to produce a Document is a request to produce the original of said Document and all duplicates of any such Documents bearing any markings, notations, or changes.

5. Answers to these requests are to be based on all information, in whatever form or from whatever source available to You. They relate not only to the Documents in Your possession or custody, but also Documents over which You have legitimate control by agreement or prior conduct, in-fact or otherwise. If any Document was, but is no longer, in Your possession or subject to Your control, identify the Document, and state its present location or the disposition that was made of it and the date thereof.

6. If any of the information or Documents supplied in response to these requests does not come from Your records, please specify the source of the Documents or information.

7. If You object to any portion of any request herein, produce the Documents relating to that request to which You have no objection, and identify which Document(s) is (are) being withheld and the reason for the refusal to produce.

8. If You object to the production of any Document on the basis of any privilege, including the attorney-client privilege or any work product or litigation preparation doctrine, particularize Your objection(s) to the production of each such Document in such a manner that the Court may determine whether the Document is entitled to be accorded privilege status, including stating: (i) the

nature of the Document (e.g., memorandum or letter); (ii) the author of the Document; (iii) all recipients of the Document; (iv) the recipient of each copy of the Document; (v) the date of the Document; (vi) the purpose of the Document; (vii) the privilege claimed as to each Document (e.g., attorney client or attorney work product); and (viii) a summary of the general subject matter of the Document to demonstrate to the Court the basis of the privilege claimed in sufficient detail to permit the Court to determine whether the claim of privilege should be upheld.

9.  The time period covered by these requests runs from **June 1, 2014 to the present**, unless otherwise indicated. These are continuing requests. Any Document obtained or located after the date of production that would have been produced has it been available or had its existence been known at that time should be produced immediately.

10. Produce the requested Documents as they are kept in the usual course of business or organize and label them to correspond to each request.

11. Produce all electronically stored information in PDF format, on flash drives, and to exclude metadata.

12. All responsive and potentially responsive Documents and tangible things should be preserved and maintained pending the outcome of this matter.

III. **Documents Requested/Electronic Messages Requested**

1.  Please provide the entire subscriber file, activity log, and registration file for chansukkim@gmail.com.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CHAN SUK KIM, ) | CHAPTER 7 |
| ) | CASE NO. 21-52662-LRC |
| Debtor. ) | |
| ) | |
| ) | |
| PRIORITY PAYMENT SYSTEMS, LLC, ) | |
| ) | |
| Plaintiff, ) | ADVERSARY PROCEEDING |
| v. ) | CASE NO. 21-05112-LRC |
| ) | |
| CHAN SUK KIM, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**CERTIFICATE OF SERVICE**

I certify that I served a copy of the foregoing **NOTICE OF INTENT TO SERVE SUBPOENA ON NON-PARTY** upon the following by filing a copy of the same with the Clerk of the Court using the Bankruptcy Court's Electronic Case Filing program, which will automatically send email notifications of such filing to the following attorneys of record as follows:

> David Klein, Esq.
> Caitlyn Powers, Esq.
> William A. Rountree, Esq.
> ROUNTREE LEITMAN KLEIN & GEER, LLC
> Century Plaza I, Suite 350
> 2987 Clairmont Road
> Atlanta, Georgia 30329
> dklein@rlklawfirm.com
> cpowers@rlklawfirm.com
> wrountree@rlklawfirm.com

This 24th day of May, 2023.

                                                /s/ Greg Michell
                                                Greg Michell
                                                Georgia Bar No. 504053