**IT IS ORDERED as set forth below:**

Date: July 13, 2023



_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | : | CASE NUMBER |
| CHAN SUK KIM, | : | 21-52662-LRC |
| Debtor. | : | |
| _____ | : | |
| PRIORITY PAYMENT SYSTEMS, LLC, | : | ADVERSARY PROCEEDING |
| | : | NO. 21-05112 |
| Plaintiff, | : | |
| v. | : | |
| CHAN SUK KIM, | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| Defendant. | : | BANKRUPTCY CODE |

## **ORDER**

Priority Payment Systems, LLC and Chan Suk Kim (the "Parties") have requested that they be authorized to participate in mediation with regard to the

issues in this proceeding. It appears that the most productive form of mediation is to designate a current bankruptcy judge with no assignment or responsibility for these proceedings as a settlement judge to serve as a neutral mediator and that Bankruptcy Judge Mary Grace Diehl is qualified and suitable to serve in that capacity.

For good cause shown, it is hereby ORDERED as follows:

1. The Parties shall mediate the issues and disputes presented in these proceedings. Judge Diehl is designated as a settlement judge with regard to this matter for the purpose of conducting mediation proceedings as the neutral mediator. Such mediation shall be conducted at a time and place and in accordance with procedures mutually agreed upon by the Parties and Judge Diehl.

2. Because Judge Diehl will be serving as the neutral mediator in this matter and because the nature of the mediation process requires *ex parte* contacts and communications between the neutral mediator and each of the sides, the prohibitions of FED. R. BANKR. P. 9003 do not apply to communications among the Parties, their attorneys, and Judge Diehl in connection with the mediation

proceedings. The Parties and their attorneys may, therefore, have *ex parte* communications with Judge Diehl in the judge's capacity as the neutral mediator in connection with the mediation proceedings.

3.  All communications made by the Parties or their attorneys to each other or to Judge Diehl in connection with the mediation process, the conduct and demeanor of the Parties and their counsel during the mediation, and any documents prepared or produced in connection with the mediation process, including Judge Diehl's notes or records, shall be confidential and shall not be admissible in evidence or the subject of any discovery in any proceeding (unless admissible or discoverable without regard to the mediation). The mediation sessions and any conferences or proceedings in connection therewith shall be treated as compromise negotiations for purposes of the Federal Rules of Evidence, the Georgia Rules of Evidence, or any rules of evidence of any other jurisdiction. No record will be made of the mediation proceedings. Judge Diehl is disqualified from appearing as a witness in any matter, and shall not be called as a witness, with regard to the mediation or any matter arising out of or related thereto.

**END OF DOCUMENT**

**Distribution List**

Soo J. Hong
Blevins & Hong, PC
191 Roswell St.
Marietta, GA 30060

Garrett E. Land
Stanley, Esrey & Buckley, LLP
Suite 2400
1230 Peachtree Street
Atlanta, GA 30309

David Gregory Michell
Stanley, Esrey & Buckley, LLP
Suite 2400
1230 Peachtree Street
Atlanta, GA 30309

Frank N. White
Arnall Golden Gregory LLP
Suite 2100
171 17th Street, NW
Atlanta, GA 30363

William A. Rountree
Rountree Leitman Klein & Geer, LLC
Century Plaza I, Suite 350
2987 Clairmont Road
Atlanta, GA 30329

David S. Klein
Rountree Leitman Klein & Geer, LLC
Century Plaza I

2987 Clairmont Road, Suite 350
Atlanta, GA 30329

Caitlyn Powers
Rountree Leitman Klein & Geer, LLC
Suite 350
2987 Clairmont Road
Atlanta, GA 30329

Chan Suk Kim
6257 Clapham Ln.
Johns Creek, GA 30097